IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHARMMORCUS UGNE HOLLOWAY**                                         **PETITIONER**
Reg #25344-009

V.                     **CASE NO. 4:18-CV-305-BSM-BD**

**WEST TENNESSEE DETENTION FACILITY**                       **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Chief Judge Brian S. Miller. If he wishes, Mr. Holloway may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, Mr. Holloway may also waive any right to appeal questions of fact.

**II.    Discussion**

Petitioner Charmmorcus Ugne Holloway filed this *pro se* habeas corpus petition on May 7, 2018. (Docket entry #1) In the petition, Mr. Holloway gave the West Tennessee Detention Facility in Mason, Tennessee, as his address.[1] (*Id.*)

---

[1] Mr. Holloway appears to be in federal custody, having been recently sentenced to twenty-four months' imprisonment in the Bureau of Prisons after pleading guilty to one

Mr. Holloway did not send a request to proceed *in forma pauperis* or pay the filing fee when he filed his petition. The Court directed Mr. Holloway to do so within thirty days and warned him that failure to comply with the order would result in dismissal of his petition under Local Rule 5.5(c)(2). (#2)

The Court also ordered Mr. Holloway to amend his petition, because it was unclear whether he was in custody on the Pulaski County Circuit Court judgment he challenged in his petition. The Court also ordered Mr. Holloway to explain in his amended petition how his custody violated federal law or the Constitution so as to qualify for habeas relief. (#2) As the Court explained in its May 21, 2018 Order, to pursue a habeas petition challenging a state-court judgment, a petitioner must explain that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a).

Mr. Holloway has not responded to the May 21 Order, and it appears that Mr. Holloway is no longer at the West Tennessee Detention Facility, according to mail returned to the Court as undeliverable on June 4, 2018, and June 22, 2018.  (#3, #4)

The Court is hesitant to recommend dismissal of a habeas petition based solely on a failure to comply with local rules in light of the strict limitations applicable to habeas corpus petitions. In this case, however, Mr. Holloway has failed to notify the Court of his current address, and has not explained whether he is currently in custody pursuant to a

---

count of aiding and abetting distribution of a controlled substance. *See U.S. v. Holloway*, No. 4:17-CR-73-DPM-2 at docket entry #47 (April 24, 2018).

State court judgment in violation of the Constitution or Federal law as required to pursue a petition under 28 U.S.C. §2254.

### III. Conclusion

For the reasons set forth above, the Court recommends that Mr. Holloway's petition be dismissed, without prejudice, under Local Rule 5.5(c)(2), for failure to comply with the Court's May 21, 2018 Order and failure to prosecute this petition.

DATED this 28th day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE